12-2076
Miguel Ceja v. Paul Vacca, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand twelve.

PRESENT: DENNIS JACOBS,
                                    <u>Chief Judge</u>,
                    JOHN M. WALKER, Jr.,
                                    <u>Circuit Judge</u>,
                    SANDRA DAY O'CONNOR,
                                    <u>Associate Justice (Retired)</u>.[*]

- - - - - - - - - - - - - - - - - - - -X
MIGUEL CEJA,
        <u>Appellant</u>,


        -v.-                                          12-2076


PAUL VACCA, DEPUTY COMMISSIONER AND
BUILDING OFFICIAL OF THE CITY OF NEW
ROCHELLE, and THE CITY OF NEW ROCHELLE,
        <u>Appellees</u>.

- - - - - - - - - - - - - - - - - - - -X

_____

[*] The Honorable Sandra Day O'Connor, Associate Justice (Retired) of the United States Supreme Court, sitting by designation.

1

**FOR APPELLANT:**          Steven J. Harfenist, Friedman Harfenist Kraut & Perlstein LLP, Lake Success, New York (Angelina L. Fryer, Friedman Harfenist Kraut & Perlstein LLP, Lake Success, New York, <u>on the brief</u>).

**FOR APPELLEE:**          Robert J. Ponzini, Gaines, Gruner, Ponzini & Novick, LLP, New York, New York (Denise M. Cossu, Gaines, Gruner, Ponzini & Novick, LLP, New York, New York, <u>on the brief</u>).

Appeal from an order of the United States District Court for the Southern District of New York (Briccetti, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Miguel Ceja appeals from two orders entered on December 7, 2011, and April 16, 2012, in the United States District Court for the Southern District of New York (Briccetti, <u>J.</u>) dismissing his procedural and substantive due process claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review <u>de novo</u> a district court's decision to grant a motion to dismiss. <u>Arar v. Ashcroft</u>, 585 F.3d 559, 567 (2d Cir. 2009) (<u>in banc</u>). In doing so, we accept as true the complaint's factual allegations and construe all reasonable inferences in the light most favorable to the plaintiff. <u>Id.</u>

The complaint challenges a decision by Paul Vacca, Building Official and Deputy Commissioner of the City of New Rochelle ("the City"), revoking a Certificate of Occupancy ("CO") for Ceja's two-family dwelling. Vacca found non-compliance with local zoning laws, in particular, violation of a parking regulation prohibiting the storage of commercial vehicles in a residential area. The City had

made a failed attempt to end this commercial use of the premises in August 2009 by issuing summonses to Ceja, which were later dismissed by a New Rochelle City Court. Vacca then issued an Order to Remedy for failure to comply with City parking requirements in December 2010. When Ceja failed to correct the problem within the prescribed thirty-day period, Vacca revoked the CO.

Ceja argues that the district court erred in dismissing his procedural and substantive due process claims. We see no error in either ruling. Procedural due process requires that "a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (internal quotation marks omitted). According to Ceja, the City failed to provide either notice or an opportunity to be heard.

However, the Order to Remedy provided both notice and an opportunity to be heard. The Order instructed that Ceja may seek review of the City's decision, which would not be enforced for at least thirty days, by filing an application with the Bureau of Buildings zoning clerk. Ceja never filed this application, nor did he make an appeal of any kind. Instead, through counsel, Ceja sent a letter rejecting the City's interpretation of its zoning ordinances.

The City also afforded Ceja post-deprivation process. The Order informed Ceja that he could file an appeal with the City's Board of Appeals on Zoning following the CO revocation. He likewise declined to avail himself of this opportunity.

With respect to his substantive due process claim, Ceja argues that the City's decision to revoke his CO after approving the commercial use for decades, and after he had expended substantial sums improving the property, was "arbitrary" and "shocks the conscience." Natale v. Town of Ridgefield, 170 F.3d 258, 262 (2d Cir. 1999) (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833 (1998)). Substantive due process, however, "does not forbid governmental actions that might fairly be deemed arbitrary or capricious and for that reason correctable in a state court lawsuit seeking review of administrative action." Id. at 263. Only

3

"conduct so outrageously arbitrary as to constitute a gross abuse of governmental authority" will give rise to such a claim, id., and the City's actions here do not approach this standard.[1]

Finding no merit in Ceja's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] The City also urges us to dismiss Ceja's claims on two additional grounds: (1) Vacca, a government official, is entitled to qualified immunity, and (2) the City is entitled to immunity under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978). Given our affirmance on the merits, we need not consider these arguments.

4